UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ABOVE.COM PTY LTD; TRELLIAN LIMITED; TRELLIAN LLC; DAVID WARMUZ; RENE WARMUZ a/k/a REN WARMUZ; and DOES 1-10,<br><br>Defendants. | Case No. CV 11-00973 ABC (CWx)<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>*Note changes made by court*<br><br>**Hon. Carla Woehrle** |

1. This Protective Order governs the treatment of documents,[1] transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

2. Any Person shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any Discovery Material it produces or provides that the party and an attorney or legal assistant on behalf of the party in good faith believe constitutes, reflects or discloses its trade secrets or other confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(1)(G).

3. Discovery Material designated as "CONFIDENTIAL" shall be limited to Discovery Material that the designating Person believes in good faith must be held confidential to protect business or commercial interests, **within the scope of Fed. R. Civ. P. 26(c)(1)(G)**.

4. Discovery Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to Discovery Material that the designating Person believes in good faith is so commercially sensitive or confidential that the disclosure to employees, principals, and/or officers/directors of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the producing Person.

---

[1] The term "document" as used herein shall include any "documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained . . .." *See* Federal Rules of Civil Procedure 34(a).

5. All Discovery Material designated as either "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all information derived therefrom, shall be referred to in this Stipulation as "Designated Material" and shall be handled in strict accordance with the terms of this Stipulation. Specifically, absent an order by this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any business, patent prosecution, competitive, or governmental purpose or function, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Stipulation or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

6. Discovery Material designated as "CONFIDENTIAL" or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

   a. Attorneys for the parties to this litigation, including in-house attorneys for the parties, and including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action;

   b. Qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

   c. Consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraphs 11 and 12 of this Stipulation are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

  d. The Court and the Court's staff pursuant to Paragraph 14 of this Stipulation;

  e. The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

  f. Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action; and/or

  g. Witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 15 of this Stipulation and Order.

7. Discovery Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or information derived there from may be disclosed, shown, or made available, or communicated in any way only to the following persons: the persons identified in paragraphs 6(a)-6(d), and 6(f)-6(g) of this Stipulation and Protective Order;

8. Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at such time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected.

9. Where Discovery Material is produced for inspection before being sent to the receiving party, the producing party shall have the right to have

CHRISTIE, PARKER & HALE, LLP

persons present in the inspection room at all times during the receiving party's inspection of such Discovery Material. If the producing party does have a person present in the inspection room during inspection by the receiving party, another room nearby shall be set aside for the receiving party's counsel to confer. All Discovery Material produced for inspection and the information contained therein shall be treated by the receiving party as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior to the receiving party's receipt of copies of the material. Upon such receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

10. Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition that the examination or testimony discloses Designated Material under the terms of this Stipulation. The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 14 of this Stipulation.

11. Except for persons described in Paragraph 6(a), 6(b), 6(d), 6(f) or 6(g) of this Stipulation, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Stipulation and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Stipulation.

    a. Prior to disclosing Designated Material to any person, other than persons described in Paragraph 6(a), 6(b), 6(d), 6(f) and 6(g) of this Stipulation, the disclosing party shall obtain from such person a written acknowledgment, that such person has reviewed a copy of this Stipulation and any subsequent Protective Order issued by the Court, will comply with

CHRISTIE, PARKER & HALE, LLP

-5-

their terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Stipulation and any subsequent Protective Order issued by the Court. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person, other than persons described in Paragraph 6(a), 6(b), 6(d), 6(f) or 6(g) of this Stipulation, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking set out in this paragraph.

    b. Individuals who are authorized to review Designated Material pursuant to this Stipulation shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Stipulation, unless authorized to do so by a further Order of this Court or as specifically required by law.

    12. During the course of this action, a party may be requested to produce to another party Discovery Material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Stipulation. If the non-party is willing to permit the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Stipulation. If the non-party is not willing to permit disclosure of the confidential document or information under the terms of this Stipulation, the demanding party in the litigation shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the

CHRISTIE, PARKER & HALE, LLP

-6-

person to whom the obligation of confidentiality is owed. This Stipulation shall not preclude any party from moving the Court for an order compelling production of such material.

13. All Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be kept in secure facilities, and access to those facilities shall be permitted only to those respective persons set forth in Paragraphs 6 and/or 7 of this Stipulation.

14. If Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is filed with the Court upon approval or order by the Court as part of any pleading or as evidence, the filing party shall follow the proper procedures and local rules to file the material under seal.

15. Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material by an attorney but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances, **subject to further order of the court before which any hearing is conducted**:

    a. Any witness may be shown Designated Material in which the witness is identified as a originator, signatory, author, addressee, or recipient of the original or a copy;

    b. A current officer, director, or employee of a designating Person may be shown that party's Designated Material;

    c. Any witness selected by a designating Person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's Designated Material;

    d. A former officer, director, or employee of a designating Person may be show that party's Designated Material if it appears from the face of the Designated Material that the witness previously had access to

the Designated Material while employed by the designating Person, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order; or

  e. Any witness who fits the definitions set out in Paragraphs 6(a), 6(c), and 7 if an undertaking pursuant to paragraph 11 has been executed.

  16. A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of the production shall promptly notify the receiving party of its failure and correct it. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof, and make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents

  17. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record at the deposition shall have fifteen (15) days following the mailing of the transcript by the court reporter in which to correct his or her failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information and directing the reporter to mark that portion of the transcript accordingly.

  18. If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties , and without prejudice to other rights and remedies of the

designating party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19. If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately so designated, objecting counsel may serve a captioned notice of objection on all parties and affected entities, identifying with particularity the Designated Material as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials. If the designating Person does not redesignate the materials within five (5) business days after service, the objecting entity may file and serve a motion seeking an order that such materials be redesignated, in which case the designating Person shall have the burden of proving that the original designation was appropriate. The original designation shall remain effective until three (3) business days after entry of an order redesignating the materials. The court may award sanctions on any motion concerning the designation if it finds that any party's position with respect to the designation was taken without substantial justification. The failure of any party to challenge any designation by any other party shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

20. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulation shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Stipulation constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

21. Notwithstanding any other provision of this Stipulation to the contrary, the confidentiality obligations of this Stipulation shall not apply or shall cease to apply to any information that:

a. At the time of disclosure hereunder, was already in the public domain by publication or otherwise;

b. Since the time of disclosure hereunder, through no act or failure on the part of the receiving party, has become part of the public domain by publication or otherwise;

c. At the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the designating Person or from any third party under obligation of confidence to the designating Person;

d. After disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the designating Person hereunder; and/or

e. The designating Person agrees may be disclosed to a third party under no obligation of confidentiality.

The party claiming that he or she is relieved of the obligations of this Stipulation by operation of any of Paragraphs 21(a)-(e) shall have the burden of proving that at least one of the provisions of Paragraphs 21(a)-(e) applies.

22. Upon the termination of this proceeding, this Stipulation shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Stipulation.

23. Subject to final order of the Court upon completion of all matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies thereof, save those filed with the Court, shall be returned to the producing Person or, at the option of the producing Person, destroyed, provided however, counsel for each party shall be permitted to retain and archive Discovery Material

CHRISTIE, PARKER & HALE, LLP

-10-

that is contained in files ordinarily maintained in the course of litigation. If Discovery Material is destroyed pursuant to this paragraph, the party destroying such Discovery Material shall certify in writing to the producing Person that such destruction has taken place.

24. Nothing in this Stipulation shall limit or restrict the manner in which any party shall handle its own Discovery Material.

25. Any Protective Order entered by the Court on this Stipulation is being entered without prejudice to the right of any party to move to the Court for modification of or relief from any of its terms.

26. When any third party produces documents or testimony pursuant to a request from a party in this matter:

    a. Such third parties may designate their testimony or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Stipulation and any subsequent Protective Order issued by the Court;

    b. Any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Stipulation and any subsequent Protective Order issued by the Court, provided that the designating party has a direct interest in placing such documents or testimony under the confidentiality provisions of this Stipulation and any subsequent Protective Order issued by the Court as defined in paragraphs 3 and 4;

    c. Paragraph 6 shall apply to any designation as "CONFIDENTIAL" by any designating Person of any documents or testimony received from third parties, and Paragraph 7 shall apply to any designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any

designating Person of any documents or testimony received from third parties.

**IT IS SO ORDERED.**

Dated this __13th__ day of July, 2011

/s/
Honorable Carla Woehrle
United States Magistrate Judge

LLB PAS1127847.2-*-07/13/11 12:12 PM